```
               DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

**UNITED STATES OF AMERICA,**            )
                                          )
        Plaintiff,            )
                                          )
        v.                    )    Criminal No. 2016-10
                                          )
**TERMINIX INTERNATIONAL COMPANY**        )
**LIMITED PARTNERSHIP and TERMINIX**      )
**INTERNATIONAL USVI, LLC,**              )
                                          )
        Defendants.           )
                                          )

**ATTORNEYS:**

**Ronald Sharpe, United States Attorney**
**Kim L. Chisholm, AUSA**
United States Attorney's Office
St. Thomas, VI
**Howard P. Stewart, Esq.**
U.S. Department of Justice, Environmental Crimes Section
Washington, DC
    *For the United States of America,*


**Kevin A. Rames, Esq.**
Law Offices of Kevin A. Rames, P.C.
St. Croix, VI
**James R. Wedeking, Esq.**
**Timothy K. Webster, Esq.**
Sidley Austin LLP
Washington, DC
**Thomas L. Campbell, Esq.**
ServiceMaster Global Holdings, Inc.
Memphis, TN
    *For Terminix International Company Limited Partnership and*
    *Terminix International USVI, LLC.*

*United States v. Terminix International Company Limited Partnership, et.al.*
Crim. No. 2016-10
Memorandum Opinion
Page 2

**MEMORANDUM OPINION**

**GÓMEZ, J.**

On April 20, 2016, the defendants, Terminix International Company Limited Partnership and Terminix International USVI, LLC, were arraigned on a four-count information, which charged each defendant with violations of 7 USC § 136j. At the arraignment, the defendants indicated to the Court that they each intended to enter guilty pleas to each of the counts in the information. The defendants also indicated that they wished to plead in accordance with a plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

The Court indicated to the parties that it would first address the plea, and then consider whether to accept, reject, or defer consideration of the plea agreement in accordance with Federal Rule of Criminal Procedure 11(c)(3). The Court then conducted a plea colloquy, after which each defendant pled guilty to all counts in the information. The Court accepted the guilty pleas.

Thereafter, the Court addressed the plea agreement. Having considered the agreement, the Court rejected it. The Court indicated that it had some concerns with the plea agreement. Indeed, given the facts and circumstances of this case, the Court is not satisfied that the proposed plea agreement reflects

Case: 3:16-cr-00010-CVG-RM   Document #: 20   Filed: 04/20/16   Page 3 of 3

*United States v. Terminix International Company Limited Partnership, et.al.*
Crim. No. 2016-10
Memorandum Opinion
Page 3

an appropriate balancing of, among other things, the relevant factors that underpin the assessment and distribution of monetary sanctions.

In light of the Court's rejection of the plea agreement, the Court, "on the record and in open court," Fed. R. Crim. P. 11(c)(5), further stated that it was not required to follow the proposed plea agreement; that the defendants could withdraw their guilty pleas; and that if the defendants did not withdraw their guilty pleas, the Court could dispose of the matter in a way that is not contemplated by the proposed plea agreement. At that time, the defendants did not withdraw their guilty pleas.[1]


S_____
**Curtis V. Gómez
District Judge**

---

[1] The Court notes that, while the defendants did not seek to withdraw their guilty pleas during the hearing, the defendants may do so at any time before the Court imposes sentence. *See* Fed. R. Crim. P. 11(d)(2)(A).