DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>      Plaintiff,  )<br>  )<br>      v.  )<br>  )<br>TERMINIX INTERNATIONAL COMPANY  )<br>LIMITED PARTNERSHIP and TERMINIX  )<br>INTERNATIONAL USVI, LLC,  )<br>  )<br>      Defendants.  )<br>  ) | Criminal No. 2016-10 |

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
**Kim L. Chisholm, AUSA**
United States Attorney's Office
St. Thomas, VI
**Howard P. Stewart, Esq.**
U.S. Department of Justice, Environmental Crimes Section
Washington, DC
    *For the United States of America,*


**Kevin A. Rames, Esq.**
Law Offices of Kevin A. Rames, P.C.
St. Croix, VI
**James R. Wedeking, Esq.**
**Timothy K. Webster, Esq.**
Sidley Austin LLP
Washington, DC
**Thomas L. Campbell, Esq.**
ServiceMaster Global Holdings, Inc.
Memphis, TN
    *For Terminix International Company Limited Partnership and*
    *Terminix International USVI, LLC.*

*United States v. Terminex International Co.*
Crim. No. 16-10
Order
Page2

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the United States to dismiss the Information charging Terminix International Company Limited Partnership ("Terminix LP") and Terminix International USVI, LLC ("Terminix USVI").

## DISCUSSION

On March 29, 2016, the United States filed a four count Information charging Terminix LP and Terminix USVI with violating the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), Title 7, United States Code §§ 136-136y.

Count One charges Terminix LP and Terminix USVI with unlawfully using pesticides containing methyl bromide in a building in St. John, United States Virgin Islands. Count Two charges Terminix LP and Terminix USVI with unlawfully using pesticides containing methyl bromide in 4 residential buildings in St. John, United States Virgin Islands. Count Three charges Terminix LP and Terminix USVI with using pesticides containing methyl bromide in 12 residential buildings in St. Croix, United States Virgin Islands. Count Four charges Terminix LP and Terminix USVI with using pesticides containing methyl bromide in a residential building in St. Thomas, United States Virgin Islands.

Case: 3:16-cr-00010-CVG-RM Document #: 44 Filed: 09/30/16 Page 3 of 5

*United States v. Terminex International Co.*
Crim. No. 16-10
Order
Page3

The Information also charges that at all relevant times, Terminx LP was a Delaware limited partnership that provided residential and commercial pest control services through the United States. Terminix USVI was a United States Virgin Islands limited liability company. Terminix USVI offered residential and commercial pest control services in the United States Virgin Islands. Terminix LP managed and oversaw Terminix USVI's operations.

The Information further charges that: (1) Terminix LP and Terminix USVI used pesticides containing methyl bromide to fumigate residential homes throughout the United States Virgin Islands; (2) methyl bromide is an "acutely toxic" pesticide, ECF No. 1 at ¶ 6; and (3) "methyl bromide inhalation may be fatal or cause acute illness or delayed lung or nervous system injury," *id.*[1]

The United States now moves to dismiss the Information.

Federal Rule of Criminal Procedure 48(a) ("Rule 48") provides that, before a trial commences, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The words "with leave of

---

[1] Indeed, at hearings held on April 20, 2016, and August 25, 2016, the United States recited a lengthy list of extreme neurological injuries suffered by a family of four allegedly as a result of acute methyl bromide toxicity caused by the charged offenses.

*United States v. Terminex International Co.*
Crim. No. 16-10
Order
Page 4

court" modify the common law doctrine of *nolle prosequi* and place some limits on a prosecutor's power to unilaterally dismiss a prosecution. *See In re Richards*, 213 F.3d 773, 777 (3d Cir. 2000). Rule 48(a), however, "does not confer unfettered discretion upon courts to resist motions to dismiss." *Id.* Rule 48(a) is primarily intended to protect defendants from prosecutorial harassment. *See Rinaldi v. United States*, 434 U.S. 22, 31 (1977). Accordingly, the Court must exercise its limited discretion in a manner that furthers that purpose. *Id.; see also United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975) ("The exercise of [a prosecutor's] discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.")

The premises considered; it is hereby

**ORDERED** that the motion to dismiss is **GRANTED**; it is further

**ORDERED** that the Information filed on March 29, 2016, is **DISMISSED** without prejudice; it is further

*United States v. Terminex International Co.*
Crim. No. 16-10
Order
Page 5

  **ORDERED** that the trial setting in this matter is **VACATED**;

and it is further

  **ORDERED** that the Clerk of Court shall **CLOSE** this case.


            S\_____

            **Curtis V. Gómez**
            **District Judge**